UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DANIEL FETZER,

  Plaintiff,

v.　　　　　　　　　　　　　　　　Case No.: 2:25-cv-235-SPC-KCD

COURTNEY JONES *et al.*,

  Defendants.

_____/

## OPINION AND ORDER

  Before the Court is Plaintiff Daniel Fetzer's Motion for Emergency Injunctive Relief (Doc. 7). Fetzer is an involuntarily committed resident of the Florida Civil Commitment Center (FCCC). He sues eight FCCC officials for failing to provide adequate medical treatment for painful rashes on his body, which might be caused by lupus. In his motion, Fetzer asks the Court to issue an emergency injunction, ordering the defendants to refer him to a rheumatologist. Fetzer believes he might die if he does not receive treatment soon. The Court entered a standing order that addresses Fetzer's claims of imminent harm and delivered it to FCCC officials to ensure they are aware of them. But Fetzer has not established entitlement to preliminary injunctive relief.

"A preliminary injunction is an extraordinary and drastic remedy." *Munaf v. Geren*, 553 U.S. 674, 689 (2008) (internal quotation marks and citation omitted). Preliminary injunctions are thus the exception, not the rule. *Four Seasons Hotels & Resorts, B.V. v. Consorcio Barr, S.A.*, 320 F.3d 1205, 1210 (11th Cir. 2003). The point of injunctive relief is to preserve the status quo until a final decision on the merits. *Antoine on behalf of I.A. v. Sch. Bd. of Collier Cnty.*, 301 F. Supp. 3d 1195, 1202 (M.D. Fla. 2018).

Fetzer fails to satisfy the content and notice requirements for a motion seeking preliminary injunctive relief. Local Rules 6.01 and 6.02 require a motion seeking a temporary restraining order or a preliminary injunction to include (1) either "Temporary Restraining Order" or "Preliminary Injunction" in the title; (2) specific facts—supported by a verified complaint, an affidavit, or other evidence—demonstrating entitlement to relief; (3) a precise description of the conduct and the persons subject to restraint; (4) a precise and verified explanation of the amount and form of the required security; (5) a supporting legal memorandum; and (6) a proposed order. The legal memorandum must establish a likelihood of success on the merits, the irreparable nature of the threatened injury, the harm that might result absent an injunction, and the nature and extent of any public interest affected. M.D. Fla. 6.01(b).

Fetzer's motion does not specify—in the title or elsewhere—whether he seeks a temporary restraining order or a preliminary injunction. The distinction is important because the procedures and standards for each are different. *See* Fed. R. Civ. P. 65. Fetzer also fails to provide any evidentiary support for his underlying claim or deliberate indifference to a serious medical need. A plaintiff asserting such a claim "shoulders a heavy burden; even conduct that could be characterized as medical malpractice does not necessarily constitute deliberate indifference." *Whitehead v. Burnside*, 403 F. App'x 401, 403 (11th Cir. 2010). Fetzer has not presented any evidence suggesting he can carry that burden. Nor has Fetzer included a legal memorandum or a proposed order.

The defendants have not been served with process in this action, and Fetzer has made no attempt to notify them of his motion for injunctive relief. A "court may issue a preliminary injunction only on notice to the adverse party." Fed. R. Civ. P. 65(a)(1). And a court can only enter a temporary restraining order without notice only if: (1) specific, sworn facts clearly show that immediate and irreparable harm will result before the adverse party can be heard; and (2) the moving party certifies in writing the efforts made to notify the other party and the reasons notice should not be required. Fed. R. Civ. P. 65(b)(1); *see also* M.D. Fla. 6.01(b)(2). Fetzer has not satisfied these requirements.

For these reasons, Fetzer's motion (Doc. 7) is **denied**.

**DONE** and **ORDERED** in Fort Myers, Florida on April 1, 2025.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties of Record

4