UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DANIEL FETZER,

     Plaintiff,

v.                                                                Case No.:  2:25-cv-235-SPC-DNF

COURTNEY JONES, *et al.*,

     Defendants.

_____/

## **OPINION AND ORDER**

Before the Court is Defendants' Motion to Dismiss Plaintiff's Complaint (Doc. 21) and Plaintiff's response to the motion.  (Doc. 22)

Plaintiff Daniel Fetzer is an involuntarily committed resident of the Florida Civil Commitment Center (FCCC), and he sues Courtney Jones, Dr. Mayra Rivera, Erica Escamilla, A. Clark, Captain Dakota Cardenas, Garad Anderson, G. Brown, and P. King, who are FCCC employees, under 42 U.S.C. § 1983 for deliberate indifference to a serious medical need, retaliation, a violation of due process during a prison disciplinary proceeding, and a violation of his right to free speech.

The defendants argue the complaint fails to provide adequate notice of the claims against them and a fair opportunity to respond.  They claim it is

impossible to formulate an answer to the complaint due to Fetzer's failure to comply with Rules 8 and 10, Federal Rules of Civil Procedure.

The Federal Rules of Civil Procedure require a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The rules also require plaintiffs to set out their claims in separate, numbered paragraphs, "each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b).

"Complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as 'shotgun pleadings.'" *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015). The Eleventh Circuit Court of Appeals has identified four types:

> The most common type—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint. The next most common type, at least as far as our published opinions on the subject reflect, is a complaint that does not commit the mortal sin of re-alleging all preceding counts but is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief. Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against.

*Id.* at 1321–23.  The problem with shotgun pleadings is that they fail "to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323.  But shotgun pleadings are not just unfair to defendants.  Resolving claims asserted in shotgun pleadings is "an undue tax on the Court's resources." *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1357 (11th Cir. 2018).  "Tolerating such behavior constitutes toleration of obstruction of justice." *Id.*

Fetzer's complaint falls under the third and fourth categories of shotgun pleadings identified in *Weiland*.  Rather than separate each claim into a separate count and identify a defendant against which he asserts each claim, Fetzer summarily asserts all claims against several defendants in a single paragraph.  Also, rather than identify acts by a specific defendant that support each claim, Fetzer summarily asserts that a defendant violated his rights.

For example, Fetzer summarily asserts that Clark, Escamilla, and Dr. Rivera violated his rights during an ultrasound as follows (Doc. 1 at 7):

> On February 19, 2025, at about 2:45 [P.M.], [Fetzer] was called into medical for an ultrasound. As [Fetzer] was washing his hands at the sink, as he was asked to do, [Fetzer] started telling [Escamilla], who's the one that's arranged the tests, that the rash has gotten bad all over his body, turning into more big bumps and that he is in a lot of pain. The pain has gotten so bad, it's caused [Fetzer] to scratch, tearing up his flesh.
>
> As [Fetzer] is in extreme pain talking to [Escamilla] about this extreme pain, [Clark] comes out of the enclosed nurses' station and yells at [Fetzer] that he's there for an ultrasound, and [Clark] says

3

> [Fetzer] shouldn't be saying anything in there for an ultrasound. [Fetzer] immediately leaves, and [Clark] punishes [Fetzer] with writing a disciplinary report to get [Fetzer] locked up in confinement, retaliating against [Fetzer], falsely charging [Fetzer] with establishing a relationship. This is deliberate indifference by [Clark], [Escamilla], and [Dr. Rivera] under the Due Process Clause of the Fourteenth Amendment and Eighth Amendment to the United States Constitution and cruel and unusual punishment under the Eighth and Fourteenth Amendment to the United States Constitution, and knowingly and recklessly disregard[ing] the risks to [Fetzer's] life or death medical needs, knowingly den[ying] [that] [Fetzer's] in extreme pain, [denying] medical care or adequate medical care, and knowing [Fetzer] could also have lupus that could develop into systemic lupus erythematosus that could kill [Fetzer], putting [Fetzer's] life in danger, and punishing [Fetzer], retaliating for [Fetzer] asking for medical help, and violating [Fetzer's] First Amendment right [to] freedom of speech.

In other paragraphs of the complaint, Fetzer asserts claims against the other defendants in the same conclusory manner and fails to identify specific acts by each defendant that support a claim. (Doc. 1 at 8–10)

Fetzer's complaint does not give the defendants fair notice of the claims against them. It is an impermissible shotgun pleading. The Court will give Fetzer another opportunity to state his claims. To survive dismissal, an amended complaint must include a *short and plain* statement explaining what each defendant did to violate Fetzer's rights, and it must not be replete with immaterial facts. Fed. R. Civ. P. 8(d)(1). Fetzer must separate each claim into a separate count (*e.g.*, Count One, Count Two, Count Three), identify against which defendant he asserts each count, and allege facts that specifically explain how each defendant violated his rights. Fed. R. Civ. P. 10(b). Also,

each numbered paragraph in the amended complaint must contain only a single set of circumstances.  Fed. R. Civ. P. 10(b).

Defendants' Motion to Dismiss Plaintiff's Complaint (Doc. 21) is **granted**.  Fetzer's complaint (Doc. 1) is **dismissed without prejudice**. Fetzer may file an amended complaint within 21 days of this Order. **Otherwise, the Court will enter judgment and close this case.**

**DONE** and **ORDERED** in Fort Myers, Florida on February 24, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record

5